# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9605 | **DATE** | 6/27/2013 |
| **CASE TITLE** | Tyson Green (# R-22066) vs. Nedra Chandler | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants respondent's motion to dismiss [dkt. no. 14] and directs the Clerk to enter judgment dismissing petitioner's petition for habeas corpus.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Tyson Green was convicted of armed robbery and other offenses in Illinois state court and was sentenced to a total of thirty-five years in prison. His conviction was affirmed on direct appeal on November 12, 2004. Mr. Green did not file a petition for leave to appeal (PLA) to the Illinois Supreme Court. On May 13, 2005, he filed a state post-conviction petition, which the trial court denied. The appellate court affirmed the denial on August 26, 2011, and the Illinois Supreme Court denied Mr. Green's post-conviction PLA on January 25, 2012. Mr. Green mailed a habeas corpus petition to the Clerk of this court about ten months later, on November 28, 2012.

Respondent has moved to dismiss Mr. Green's petition on the ground that it is time-barred. A one year limitation period applies to habeas corpus petitions. The limitation period runs from the latest of several possible dates, including the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking direct review; the date on which a state-created impediment to filing the petition was removed; or the date on which the petitioner could have discovered the factual predicate of the claim or claims by exercising due diligence. *See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed state post-conviction petition is pending in state court is excluded from the calculation of time. *See id.* § 2244(d)(2).

Because Mr. Green did not file a PLA with regard to his direct appeal, under section 2244(d)(1) the one-year lock started running on December 3, 2004, when the time for filing a PLA expired, unless Mr. Green is able to show that there should be a later start date. The clock stopped running 161 days later, on May 13, 2005, when Mr. Green filed his post-conviction petition. The clock started running again on January 25, 2012, when his post-conviction PLA was denied. Between then and November 28, 2012, the date that Mr. Green sent his habeas corpus petition to the Clerk of this Court, another 308 days passed.

This means that 469 days of untolled time elapsed between the conclusion of the direct appeal process and

## STATEMENT

Mr. Green's filing of his habeas corpus petition. In other words, he filed his habeas corpus petition 104 days too late. The only ways around this for Mr. Green are if he can show a later start date for the one-year time clock, or if he can establish a basis for equitable tolling.

In his response to the motion to dismiss, Mr. Green says that he did not file a PLA on direct appeal because his attorneys and the state courts did not provide him with the transcript of his trial. That, however, does not help Mr. Green avoid the one-year limitation period. The time that ran off the clock was the time between the PLA deadline and his filing of a state post-conviction petition, and the time between the denial of his PLA on post-conviction review and the date he mailed his federal habeas corpus petition. Mr. Green does not contend that the unavailability of his transcript delayed him from filing either his post-conviction petition or his habeas corpus petition. Thus he is not entitled either to a later start date for the one-year limitation period or to equitable tolling of that period.

For these reasons, the Court grants respondent's motion to dismiss [14] and directs the Clerk to enter judgment dismissing petitioner's petition for habeas corpus.